IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BOWMAN, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 09-1322 |
| v. | : | |
| CORPORAL ROBERT F. REILLY, et al., | : | |
| Defendants. | : | |

**OPINION AND ORDER**

Slomsky, J.                                                                                                                          June 10, 2009

**I.     INTRODUCTION**

Plaintiff commenced this action on March 27, 2009. In his Complaint, Plaintiff alleges Defendant Reilly, a corporal with the Pennsylvania State Police ("PSP"), shot him in the neck as he was falling down during a traffic stop on April 2, 2007. (Pl. Compl. ¶ 15.) Plaintiff is seeking damages from Reilly, both in his individual and official capacities, and from the PSP. In Count I of the Complaint, Plaintiff alleges Defendants deprived him of rights secured under the Fourth and Fourteenth Amendments to the United States Constitution, which he asserts under 42 U.S.C. § 1983. In Counts II–IV of the Complaint, Plaintiff alleges that he suffered injury as a result of Defendants' violations of Pennsylvania tort law. Specifically, Count II alleges intentional infliction of emotional distress, Count III alleges negligent infliction of emotional distress, and Count IV alleges assault and battery.

On April 30, 2009, Defendants filed a Motion to Dismiss all counts of the Complaint

1

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.¹  In their Motion to Dismiss, Defendants argue that Plaintiff's § 1983 claims against the PSP and Defendant Reilly acting in his official capacity are barred by the Eleventh Amendment.  Mem. of Law in Sup. of Def. Mot. to Dismiss at 4–6.  Defendants also argue that Plaintiff's state law tort claims are barred under the doctrine of sovereign immunity.  (Mem. of Law in Sup. Def. Mot. to Dismiss at 7–16.)  Defendants have not moved to dismiss Plaintiff's § 1983 against Defendant Reilly acting in his individual capacity.²

In response to Defendants' Motion to Dismiss, Plaintiff agreed to withdraw his § 1983 claims against the PSP and Reilly, acting in his official capacity (Count I).  (Resp. to Def. Mot. to Dismiss.)  Plaintiff contends, however, that sovereign immunity does not bar his state law tort claims against the PSP and Reilly.  (Mem. in Opp. to Def. Mot. to Dismiss, at 4–5.)  Presently before the Court is Defendants' Motion to Dismiss Plaintiff's state law tort claims on the ground that they are barred under the doctrine of sovereign immunity.  This motion is brought pursuant

---

¹ Defendants moved to dismiss Plaintiff's state law tort claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure (failure to state a claim). Noting that the United States Supreme Court has not settled the question of whether a motion to dismiss based on Eleventh Amendment immunity is properly brought under Rule 12(b)(1) (lack of subject matter jurisdiction) or Rule 12(b)(6), and acting with "an abundance of caution," Defendants cited both Rules 12(b)(1) and 12(b)(6) in support of their Motion to Dismiss. As will be discussed infra, presently before the Court is only Defendants's Motion to Dismiss pursuant to Rule 12(b)(6).

² The distinction between suits against state officials in their official and individual capacities was described by the Supreme Court in Kentucky v. Graham: "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.  Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent." 473 U.S. 159, 165 (1985).  While a suit brought against a state official acting in his official capacity may be barred by Eleventh Amendment immunity, the same is not true for a suit brought against a state official acting in his individual capacity.  Hafer v. Melo, 502 U.S. 21, 30–31 (1991).

to Federal Rule of Civil Procedure 12(b)(6).

## II.     SUMMARY OF THE FACTS

In the Complaint, Plaintiff alleges that he was pulled over by Defendant Reilly on April 2, 2007.  (Pl. Compl.  ¶ 7.)  Plaintiff alleges that when he was pulled over, Reilly instructed Plaintiff to place his hands on top of his head so that Reilly could secure them.  (Pl. Compl. ¶¶ 8–9.)  After Plaintiff complied with this instruction, Reilly asked Plaintiff to exit his vehicle feet first and to stand next to it.[3]  (Pl. Compl. ¶ 9.)  Plaintiff attempted to comply, but was unsuccessful.  Plaintiff lost his balance and removed his hands from his head to prevent himself from falling.  (Pl. Compl. ¶ 10.)  Plaintiff's second attempt to exit the vehicle was successful, but after doing so he lost his balance and leaned on Reilly for support.  (Pl. Compl. ¶ 11)  At that moment, Plaintiff's pants were falling down, which required him to remove his hands from his head in order to pull them back up.  (Pl. Compl.  ¶ 12.)  Upon seeing Plaintiff remove his hands from his head a second time, Reilly pushed Plaintiff against his car and "took plaintiff to the ground," and "[u]pon falling to the ground, Corporal Reilly came down on top of [Plaintiff] James Bowman and immediately drew his weapon, extended it toward plaintiff's neck and fired."  (Pl. Compl. ¶¶ 14, 15.)

## III.    MOTION TO DISMISS STANDARD

Defendants have moved to dismiss Plaintiff's state law tort claims (Counts II–IV) for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must "accept all

---

[3] It is unclear from Plaintiff's Complaint whether Plaintiff's hands were secured by Defendant Reilly prior to the attempt to exit his vehicle.

factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (reasoning that this statement of Rule 12(b)(6) standard remains acceptable following U.S. Supreme Court's decision in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007) (internal quotations omitted)). To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level." Phillips, 515 F.3d at 234. When a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, No. 07-1015, 2009 U.S. LEXIS 3472, at *31 (U.S. 2009) (reaffirming rationale set forth in Twombley). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 29. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id.

**IV.     DISCUSSION**

A.      Pennsylvania's Sovereign Immunity Doctrine

Defendants PSP and Reilly argue that Plaintiff's state law tort claims should be dismissed because they are barred under the doctrine of sovereign immunity.

Pennsylvania's sovereign immunity statute provides as follows:

> Pursuant to section 11 of Article I of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.

1 PA. CONS. STAT. ANN. § 2310. The immunity guaranteed by § 2310 extends to all

"Commonwealth parties," which includes "Commonwealth agenc[ies] and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 PA. CONS. STAT. § 8501. Thus, the Commonwealth, its agencies, and all Commonwealth employees acting within the scope of their employment are generally immune from suit.

There are, however, two exceptions to sovereign immunity for Commonwealth employees. First, the General Assembly has waived sovereign immunity, and thus consented to suit, in nine narrow circumstances. 42 PA. CONS. STAT. § 8522 (b). These exceptions apply to acts involving: (1) the operation of any motor vehicle in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) the care, custody or control of personal property in the possession or control of Commonwealth parties; (4) a dangerous condition of Commonwealth agency real estate and sidewalks; (5) a dangerous condition of highways created by potholes, sinkholes, or other similar conditions; (6) the care, custody and control of animals in the possession or control of a Commonwealth party; (7) the sale of liquor at Pennsylvania liquor stores; (8) acts of members of the Pennsylvania military forces; and (9) the administration, manufacture, and use of a toxoid or vaccine not manufactured in the Commonwealth. 42 PA. CONS. STAT. § 8522 (b). Suit may only be brought against the Commonwealth, its agencies, and any officials and employees thereof acting within the scope of their employment if one of these exceptions is satisfied. Id.

Second, Commonwealth parties are only those officials and employees of Commonwealth agencies acting within the scope of their employment. Therefore, suit may be brought against officials and employees of Commonwealth agencies not acting within the scope of their

employment.  In determining whether an act occurred within the scope of employment, the Pennsylvania Superior Court has adopted the standard set forth in the Restatement (Second) of Agency § 228 (hereinafter "the Restatement").  <u>Butler v. Flo-Ron Vending Co.</u>, 557 A.2d 730 (Pa. Super. Ct. 1989).  Since the Pennsylvania Supreme Court has not expressly held that § 228 of the Restatement is the standard in Pennsylvania, the Third Circuit has predicted that the adoption of the Restatement standard in <u>Butler</u> by the Pennsylvania Superior Court would be followed by the Supreme Court.  <u>Aliota v. Graham</u>, 984 F.2d 1350, 1358 (3rd Cir. 1993).  Likewise, the Third Circuit has predicted the Pennsylvania Supreme Court would adopt other relevant Restatement provisions.  <u>Id.</u>

The standard under § 228 for determining whether the conduct of an employee was within the scope of employment was elaborated in <u>Revak v. Liebrum</u>:

> Conduct of an employee is within the scope of employment only if: (1) it is of the kind that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is calculated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, it is not unexpected by the employer.

No. 08-691, 2008 WL 4858291 (W.D.Pa. 2008) (citations omitted).  An act by a Commonwealth official or employee which does not satisfy each of these criteria is outside the scope of employment and is not covered by state sovereign immunity.  Defendants argue that Reilly was acting within the scope of his employment, while Plaintiff alleges that Reilly's conduct was so egregious as to be outside the scope of his employment.

B. <u>Motion to Dismiss in Regard to Defendant Pennsylvania State Police</u>

Plaintiffs state law tort claims (Counts II-IV) cannot proceed against the Pennsylvania

State Police. It is well settled that the PSP is a Commonwealth agency within the definition of § 8501, and is therefore shielded from suit by § 2310. See, e.g., Altieri v. Pennsylvania State Police, No. 98-CV-5495, 2000 U.S. Dist. LEXIS 5041 at *16 (E.D.Pa. 2000) ("The Court concludes that the state police is a department or agency of the state having no existence apart from the state.") (citing Smith v. Luciani, Civ. A. No. 97-3037, 1998 U.S. Dist. LEXIS 4291 (E.D.Pa. 1998)). Indeed, Plaintiff's Complaint acknowledges this fact. (Pl. Compl. ¶ 6 ("Defendant, Pennsylvania State Police ... is a department of the government of the Commonwealth of Pennsylvania ....").) Plaintiff does not allege, nor does it appear, that any of the exceptions enumerated in § 8522(b) apply to this case. Accordingly, the PSP's motion to dismiss Plaintiff's state tort claims (Counts II-IV) will be granted.

C.     Motion to Dismiss in Regard to Defendant Corporal Reilly

As an employee of the PSP, Defendant Reilly comes under the umbrella of sovereign immunity for acts committed within the scope of his employment. 1 PA. CONS. STAT. ANN. § 2310; 42 PA. CONS. STAT. § 8501. As discussed above, the scope of employment is determined according to the Restatement (Second) of Agency § 228.[4] This court must determine whether the actions allegedly taken by Reilly, construed in the light most favorable to the Plaintiff, were

---

[4] In his Response to Defendants' Motion to Dismiss, Plaintiff asserts that Reilly acted outside the scope of his employment because his conduct was "conscience-shocking" and "willful and wanton." While the Pennsylvania General Assembly has created an exception to governmental immunity for local agency employees whose acts are judicially determined to constitute a crime, actual malice, or willful misconduct, 42 PA. CONS. STAT. § 8550, there is no such exception for acts of a Commonwealth employee such as Defendant Reilly. See Shoop v. Dauphin County, 766 F.Supp. 1327 (M.D.Pa. 1991), aff'd per curiam, 9 F.3d 1541 (C.A.3 1993). Therefore, Plaintiff cannot succeed on this claim. See also Revak v. Lieberum, No. 08-691, 2008 WL 4858291 (W.D.Pa. 2008) ("Section 8550 does not apply to employees of the Commonwealth.").

within the scope of his employment with the PSP, as described in the Restatement.

As noted above, the standard for determining whether an employee was acting within the scope of his or her employment is that set forth in § 228 of the Restatement. Applying this Restatement standard, Reilly was acting within the scope of his employment at PSP if his actions were: (1) of the kind and nature he was employed to perform; (2) substantially within authorized time and space limits; (3) actuated, at least in part, by a purpose to serve his employer; and (4) if force is intentionally used by the employee against another, if the use of force was expectable by his employer. Defendant Reilly was within the authorized time and space limits of his employment, satisfying the second element of the standard. The Court must decide whether Reilly's actions fall within the first, third, and fourth prongs.

In considering these three prongs, courts have found that the conduct of an officer may be so excessive that he is not acting within the scope of his employment. See, e.g., Revak v. Liebrum, No. 08-691, 2008 WL 4858291 (W.D.Pa. 2008) (denying summary judgment where plaintiff alleged that the use of excessive force during a traffic stop was not the kind of force the defendant state troopers were employed to perform). In Wesley v. Hollis, the Court stated that "[w]here the alleged intentional tort was unprovoked, unnecessary or unjustified by security concerns or penological goals, courts have ruled that such conduct does not, as a matter of law, fall within the scope of employment," finding conduct outside the scope of employment based on a failure to meet a required factor. No. 03-3130, 2007 U.S. Dist. LEXIS 41562 (E.D. Pa. 2007) at *50–51 (citing Robus v. Pennsylvania Dep't of Corrections, No. 04-2175, 2006 U.S. Dist. LEXIS 49943 (E.D.Pa. 2006)). In Velykis v. Shannon, the Court stated:

> The intentional use of force ... is not of a kind and nature [the Defendant] was employed to perform, it does not appear to have been intended to serve any purpose of the Department of Corrections, and while the Department would expect that force might be used at some point against an inmate, it would not expect the deliberate and unjustified use of force, apparently totally divorced from any need of the officer to exert control over the prisoner.

No. 1: CV-06-0124, 2006 U.S. Dist. LEXIS 78875, at *11–12 (M.D.Pa. 2006). See also, Strothers v. Nasan, No. 08-1624, 2009 U.S. Dist. LEXIS 30208, *31–32 (W.D.Pa. 2009) (denying a motion to dismiss on the grounds that a defendant state trooper's act of allegedly seizing and assaulting the plaintiff without reason could not be found as a matter of law to have been calculated to serve the interests of PSP).

In his Motion to Dismiss, Defendant Reilly argues that he was acting within the scope of his employment because he was authorized to enforce the Pennsylvania Crimes Code, to carry a firearm, and to use force, including deadly force, in carrying out his assignment. (Def. Mot. to Dismiss at 14 (citations omitted).) Reilly also asserts that the act of shooting Plaintiff was within the scope of his employment even if it was forbidden or carried out in a forbidden manner because his use of force was clearly expectable by his employer and was "'clearly incidental to the master's business' of assigning police officers to patrol the streets, to protect the public and to apprehend criminals or persons who may be criminals." Id. This Court disagrees.

Accepting Plaintiff's factual allegations as true at the Motion to Dismiss stage, the Court concludes that a reasonable reading of the Complaint establishes that Defendant may have acted outside the scope of his employment when he shot Plaintiff in the neck during a traffic stop and that Plaintiff may be entitled to relief. Accordingly, the Motion to Dismiss Defendant Reilly in his official capacity will be denied.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied in part. Defendants' Motion is granted as to PSP and is denied as to Defendant Reilly in his official capacity.

An appropriate order follows.